REYNOLDS *v.* INTERNATIONAL AMATEUR
ATHLETIC FEDERATION ET AL.

No. A-954.   Decided June 20, 1992

JUSTICE STEVENS, Circuit Justice.

On June 19, 1992, the United States District Court for the Southern District of Ohio entered a preliminary injunction barring The Athletic Congress of the U. S. A.; Inc., and the International Amateur Athletic Federation (IAAF) from impeding or interfering with Harry L. Reynolds, Jr.'s, ability to compete in the 1992 United States Olympic Trials.   Later that day, the United States Court of Appeals for the Sixth Circuit issued an order staying the preliminary injunction. Mr. Reynolds has applied to me in my capacity as a Circuit Justice for a stay of the order of the Court of Appeals.

In my opinion, the IAAF's threatened harm to third parties cannot dictate the proper disposition of applicant's claim. The dispositive questions for me are, first, whether applicant

1301

has established a probability of success on the merits, and second, whether the availability of a damages remedy precludes a finding of irreparable harm. With respect to the first, I find the District Court's opinion persuasive. With respect to the second, a decent respect for the incomparable importance of winning a gold medal in the Olympic Games convinces me that a pecuniary award is not an adequate substitute for the intangible values for which the world's greatest athletes compete.

Of course, I recognize that this ruling may not establish applicant's right to compete in the Olympics at Barcelona, but that opportunity will presumably be foreclosed if he is not allowed to participate in the Olympic Trials. On the other hand, the harm, if any, to the IAAF can be fully cured by a fair and objective determination of the merits of the controversy. Indeed, applicant may fail to qualify, thus mooting the entire matter; if he does qualify, his eligibility can be reviewed before the final event in Barcelona.

The IAAF's threat to enforce its eligibility decision—no matter how arbitrary or erroneous it may be—by punishing innocent third parties cannot be permitted to influence a fair and impartial adjudication of the merits of applicant's claims.

The application for a stay is granted.